IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

JASON ADAMS AND DONNETTA ADAMS,
His Wife,

*Plaintiffs,*

vs.                                                            Civil Action No. __3:22-cv-00460__

LITTLE GIANT LADDER SYSTEMS, LLC,
A UTAH LIMITED LIABILITY COMPANY,

*Defendant.*

## COMPLAINT

Now come the Plaintiffs in the above styled case and for their complaint state as follows:

IDENTIFICATION OF THE PARTIES

1. The Plaintiffs are citizens and residents of Kanawha County, West Virginia, residing at 2208 Grant Avenue, St. Albans, West Virginia. This case arises from injuries suffered by the plaintiff Jason Adams when the ladder he was using at a work site in Putnam County, West Virginia failed, causing him to fall.

2. The Defendant Little Giant Ladder Systems, LLC, is a corporation engaged in the manufacture and distribution of articulated ladders, designed to fold into a compact form, and sold as Little Giant brand ladders, under various model names. The Little Giant Ladder at issue here is the Little Giant American Titan Ladder. Little Giant has a principal office address of 1198 North Spring Creek Place Springville, Utah 84663. Little Giant is not a West Virginia corporation.

## BASIS OF JURISDICTION

3. This Court has jurisdiction of this matter on the grounds of diversity of citizenship and the damages sought are in excess of the jurisdictional minimum pursuant to 28 U.S. Code § 1332.

## FACTUAL ALLEGATIONS

4. The Defendant introduced its ladders into the stream of commerce, with the intention of their distribution and sales through various retail sources in various states, including West Virginia.

5. The purpose of this suit is to obtain money damages for the Plaintiffs. Jason Adams was severely injured on November 10, 2021, when the Little Giant American Titan articulated ladder purchased by him failed, causing him to fall from the ladder. He suffered severe injuries to his lower leg and ankle, suffered multiple fractures of bones in his leg and ankle, including compound fractures in his leg, required significant surgery and lost time from work as a result of the negligent and wrongful conduct of the Defendant as set forth below in more detail. Donnetta Adams asserts a claim for loss of consortium resulting from the injuries suffered by Jason Adams.

6. On November 10, 2021, the Plaintiff was using the ladder in its intended manner in Teays Valley, Putnam County, West Virginia. He had extended the ladder to a height of approximately nine (9) feet. He climbed the ladder and worked for a period of time without incident. After a period of time, the Plaintiff fell when the ladder rung he was standing on separated from the ladder rail. **Exhibit A**. The Plaintiff landed on his right foot, resulting in the injuries set forth herein. Prior to the failure of the rung, the Plaintiff used the ladder in ordinary and regular fashion. He did not use it for supporting scaffolding planks or supporting heavy loads.

7. The fall resulted in multiple fractured bones in his right ankle and related injuries. The Plaintiff suffered compound fractures of both lower bones in his right leg. The Plaintiff required surgery to repair the injuries and required physical therapy. He has remained off work since the injury. As a result of his injuries, he lost time from work, incurred medical expenses including out of pocket expenses, deductibles and co-pays and lost wages. He suffered permanent and lasting effects from the injuries including loss of strength in his leg, stiffness in his ankle, weakness and continuing pain and discomfort.

8. The rung that failed was attached to the rail by welds. The welds were under plastic covers. **Exhibit B**. The presence of any cracks in the rung or welds was hidden by the cover. The ordinary consumer could not inspect the rung to detect cracks. The conduct of the Defendant in failing to warn the Plaintiffs of the risk of rung failure deprived him of the opportunity to protect himself from falling.

## COUNT I

### Design and Manufacturing Defect

9. The Plaintiffs repeat all paragraphs above and incorporate them herein by reference.

10. That at all times relevant herein, the Defendant was engaged in the design, manufacture, sale, distribution, wholesaling, and retailing of various products for ultimate use by members of the general public, including Little Giant American Titan articulated ladders.

11. The Defendant had a duty to design, manufacture, sell, distribute, wholesale and retail products, including Little Giant American Titan articulated ladders that were safe and would not cause harm to foreseeable users, including Plaintiffs.

12. That at said time and place, the Defendant, through its agents, servants, and employees, carelessly and wrongfully:

    a. sold and distributed defective Little Giant American Titan articulated ladders;

    b. designed and manufactured the ladder to have the defect of rung failure, without the ability of the end user to inspect the rung attachment;

    c. failed to give adequate warnings as to the dangers of the Little Giant American Titan articulated ladders including but not limited to the defect that was the subject of this suit;

    d. failed to provide adequate safety devices to ensure that users could safely use the Little Giant American Titan articulated ladders.

13. That as a direct and proximate result of one or more of the foregoing wrongful acts or omissions to act on the part of the Defendant, the Plaintiff Jason Adams fell from the ladder when the rung failed and the Plaintiff suffered injury.

WHEREFORE, the Plaintiffs demand of and from the defendant damages in such amount as a jury may award.

## COUNT II

### Strict Liability

14. The Plaintiffs repeat all paragraphs above and incorporate them herein by reference.

15. That at the time the Little Giant American Titan articulated ladder left the possession of the Defendant, to and including at the time of the occurrence, the ladder was inherently dangerous, defective, and unsafe in one or more of the following respects:

    a. It was inadequately designed in that the ladder was prone to rung failure;

    b. It lacked adequate safety devices to prevent the rung from failing;

    c. It lacked adequate warnings regarding the danger of the rung failing;

    d. It concealed the risk of failure under the plastic cap, preventing the ordinary consumer from inspecting the weld for cracking.

16. That one or more of these defects existed when the ladder left Defendants' control, making the ladder unreasonably dangerous because it failed to perform in the manner reasonably to be expected in light of the ladder's intended function and/or because the magnitude of the dangers outweighed the utility of the ladder.

17. That as a further direct and proximate result of one or more of the foregoing dangerous, defective, and unsafe conditions of the Little Giant American Titan articulated ladder and in consequence of these conditions, the Plaintiffs have sustained injuries and incurred damages as set forth below, for which the defendant is strictly liable.

    WHEREFORE, the Plaintiffs demand of and from the Defendant damages in such amount as the jury may award.

## COUNT III

### Breach of Warranty

18. The Plaintiffs repeat all paragraphs above and incorporate them herein by reference.

19. That in order to induce the purchase and/or use of the Little Giant American Titan articulated ladders, the Defendant expressly warranted to potential users of said products, including the Plaintiffs, that said products were safely designed and safe for users for which they were designed and/or advertised to be used.

20. That Defendant breached said warranty in that at all times herein the Little Giant American Titan articulated ladder was not safe to be used for the purpose which they were intended to be used in the following respects:

    a. It was inadequately designed in that the rung was prone to failing;

    b. It lacked adequate safety devices to prevent the rung from failing;

    c. It lacked adequate warnings regarding the danger of the rung failing;

    d. It lacked adequate warnings regarding the danger of the rung failing;

    e. The rung weld was concealed behind the plastic cap such that an ordinary consumer could not inspect the weld for cracks.

21. That as a direct and proximate result of the Defendant's breach of warranty, the Little Giant American Titan articulated ladder failed and caused Plaintiff to fall and sustain injury.

22. That as a further direct and proximate result of Defendant's breach of warranty, the Plaintiffs have suffered the injuries and incurred the damages set forth below.

WHEREFORE, the Plaintiffs demand of and from the Defendant damages in such amount as the jury may award.

## COUNT IV

### Punitive Damages

23. The Plaintiffs repeat all paragraphs above and incorporate them herein by reference.

24. The conduct of the Defendant in knowingly selling to the Plaintiffs a Little Giant American Titan articulated ladder with a concealed defect was in wanton, willful and reckless disregard of the civil obligations and duties to the Plaintiffs, and such intentional conduct supports a claim for punitive damages in such amount as the jury may award.

## DAMAGES

As the direct and proximate result of the negligent and wrongful conduct of the Defendant as aforesaid, the Plaintiff suffered injuries to his right ankle and leg requiring surgical treatment and physical therapy, has lost time from work, incurred medical expenses, incurred

pain and suffering, and continues to have pain and suffering, loss of strength in his leg and ankle and other lasting and permanent injuries.

The Plaintiff Donnetta Adams has suffered loss of consortium as a result of Jason Adams' injuries, and has further provided care services during his treatment, convalescence and partial recovery, and suffered loss of household income.

## RELIEF SOUGHT

Wherefore, the Plaintiffs demand of and from the Defendant damages in such amount as the jury may award for compensatory damages in excess of seventy five thousand dollars ($75,000.00) and loss of consortium, and for punitive damages, damages in such amount as the jury may award, and such further relief as the Court may deem appropriate.

THE PLAINTIFFS DEMAND A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

**Plaintiffs,
By Counsel**

_/s/ John H. Skaggs_
John H. Skaggs, Esquire (# 3432)
**Calwell Luce diTrapano PLLC**
Law and Arts Center West
500 Randolph Street
Charleston, WV 25302
Phone: (304) 343-4323