IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JASON ADAMS and
DONETTA ADAMS, his wife,

                Plaintiffs,

v.                                              CIVIL ACTION NO.   3:22-0460

LITTLE GIANT LADDER SYSTEMS, LLC,
a Utah Limited Liability Company,

                Defendant.

**MEMORANDUM OPINION & ORDER**

Before the Court is Plaintiff's Combined Motion & Memorandum in Support to Continue Pending Decision by the West Virginia Supreme Court of Appeals in Response to a Certified Question from the Fourth Circuit Court of Appeals Regarding Design Defect Law in West Virginia ("Pls.' Mot."). *See* ECF No. 55. Upon review, the Court **GRANTS** the Motion.[1]

**BACKGROUND**

This is a products liability case. On November 10, 2021, Jason Adams fell from a ladder when a rung of the ladder failed. *See* Compl. ¶ 6. Little Giant Ladder Systems, LLC designed and manufactured the ladder. *See id.* ¶ 4–5. Adams sued. In Count II, Adams asserts a design defect claim. *See id.* ¶¶ 14–15. He alleges the ladder "was inherently dangerous, defective, and unsafe" because a plastic cap "concealed" weak welding. *Id.* ¶ 15. As such, an "ordinary consumer" could not properly inspect the ladder before using it. *See id.*

---

[1] The Court also considered Defendant Little Giant Ladder Systems, LLC's Response in Opposition to Plaintiffs' Motion to Continue ("Def.'s Opp'n"), ECF No. 64, and Plaintiffs' Reply to Defendant Little Giant Ladder Systems, LLC's Response in Opposition to Plaintiffs' Motion to Continue ("Pls.' Reply"), ECF No. 65.

Adams pursued this claim throughout discovery. In his Answers to Defendants' Interrogatories, Adams explained he inspected the ladder before every climb but could not search for "break[s] on the ladder [] hidden by a plastic cover." *See* Pl.'s Reply at 3. Adams suggested the plastic caps be "removable" and Little Giant warn consumers the caps covered welds. *See id.*

When Adams asked Little Giant what purpose the plastic caps played, Little Giant responded the plastic caps "protect the user from the sharp edge of the rung, protect the rung and weld from wear and damage, and for aesthetic purposes." *Id.* at 4.

David Kassekert—Adams' proposed expert—spoke to the ladder's defective design. In his Expert Report, Kassekert suggests Little Giant failed to properly weld the ladder. *See* Kassekert Expert Report, at 4–5, ECF No. 39-2. Over time, the faulty welding caused a "small fatigue crack." *Id.* at 5. Eventually, the crack gave way. *See id.* The Expert Report twice notes it was "not possible" for Adams to inspect the welding because "it was covered by a plastic cap." *Id. See also id.* at 4 ("Because the end of the rung where it was welded to the rail was covered with the red plastic cap, it was not possible for Mr. Adams to have seen the crack develop.").

Kassekert repeated these findings in his deposition. He reiterated the plastic caps "prevent [someone] from looking at the individual welds." *See* Kassekert Dep. at 84:2–4, ECF No. 39-1 (describing the caps as his "only real complaint" with the ladder's design). *See also id.* at 126:14–16 (similar); 127:4–9 (similar). Although Kassekert admitted he did not know whether any particular fatigue crack "would have been visible" without plastic caps, he emphasized someone "certainly couldn't see it with a cap on if there was something visible." *Id.* at 126:14–16.

## STANDARD

District courts retain "broad discretion" to stay proceedings to control their own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Still, this discretion is not "without limitation."

*Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983). The District court must "weigh competing interests and maintain an even balance." *Id.* (citation omitted).

Three factors guide the Court's analysis: (1) the "interests of judicial economy;" (2) "hardship and equity to the moving party if the action is not stayed;" and (3) "potential prejudice to the non-moving party." *Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 844 (S.D. W. Va. 2008).

Stays are appropriate when a controlling court will "issue a decision that may affect the outcome of the pending case." *White v. Ally Fin. Inc.*, 969 F. Supp. 2d 451, 461 (S.D. W. Va. 2013). The party seeking the stay bears the burden of persuasion. *See Williford*, 715 F.2d at 127.

## ANALYSIS

The Court finds a stay is appropriate. On February 20, 2023, the West Virginia Supreme Court of Appeals heard oral argument in *Shears v. Ethicon*, No. 23-192 (W. Va. 2023). The Supreme Court of Appeals will decide "whether a plaintiff alleging a West Virginia strict liability design defect claim is required to prove the existence of an alternative, feasible product design" to prevail. *Shears v. Ethicon, Inc.*, 64 F.4th 556, 558 (4th Cir. 2023) (certifying question). If so, the Court of Appeals will also decide whether the alternative, feasible product design must "eliminate the risk of the harm suffered by the plaintiff" or "whether a reduction of that risk is sufficient." *Id.*

These questions bare directly on this case. Adams asserts a design defect claim in his complaint. *See* Compl. ¶¶ 14–15. He pursued the claim throughout discovery. *See* Pls.' Resp. at 2–5 (summarizing deposition testimony); Pls.' Reply at 3–4 (summarizing discovery responses). He offers an alternative, feasible design: a ladder without plastic caps covering the welding. *See* Kassekert Expert Rept. at 4–5; Kassekert Dep. at 125:23–126:3 (suggesting other articulating ladders "use rivets rather than welding" and do not have any plastic caps). Yet his evidence suggests—at best—a ladder without plastic caps would reduce the risk of rung failure. *See id.* at

126:14–16 (suggesting a capless ladder would reveal some, but not all, fatigue cracks). It does not suggest it would eliminate the risk altogether. As such, the Court of Appeals' decision in *Shears* will provide helpful—if not dispositive—guidance.

The stay factors reinforce this conclusion. *First*, to issue at a ruling at this stage risks wasting the parties' and the Court's resources. An incorrect determination might result in error in a summary judgment opinion or after an extended jury trial necessitating a prolonged appeal. *See Knapp v. Am. Honda Motor Co., Inc.*, 2023 3261664, at *2 (S.D. W. Va. May 4, 2023) (echoing similar concerns). *Second*, denying a stay forces Adams to wade through unchartered waters with no guidance; he risks unknowingly litigating an unmeritorious design defect claim. *Finally*, a stay does not prejudice Little Giant. Both parties discussed *Shears* in their summary judgment papers. *See* Pls.' Resp. in Opp'n to Def.'s Mot. for Summ. J. at 15–16, ECF No. 50; Def.'s Reply in Support of its Mot. for Summ. J. at 5 n.1, ECF No. 61. The Court of Appeals heard oral argument in *Shears* on February 20, 2023. An opinion should follow soon.

All said, Adams and Little Giant both benefit from a brief stay because *Shears* resolves issues central to Adams' design defect claim. *Cf. M.S. v. Amazon, Inc.*, 2023 WL 8283642, at *8 (S.D. W. Va. Nov. 30, 2023) (Chambers, J.) (denying motion to dismiss a design defect claim because *Shears* is "critical" to the resolution of the plaintiff's claim).

## CONCLUSION

The Court **GRANTS** Plaintiff's Motion. The Court **STAYS** this matter pending the outcome of the West Virginia Supreme Court of Appeals' decision in *Shears v. Ethicon*, No. 23-192 (W. Va. 2023). The Court **DIRECTS** the parties to share a copy of the Supreme Court of Appeals' decision in *Shears* within seven days of its issuance.

The Court also **DENIES WITHOUT PREJUDICE** Defendant's Motion for Summary Judgment, *see* ECF No. 41, Plaintiffs' Motion to Exclude Expert Testimony of Dr. Ellen Wright, *see* ECF No. 37, Plaintiffs' Motion to Exclude Dr. Ellen Wright from Referencing Peer Review, *see* ECF No. 47, Defendant's Motion to Exclude Expert Testimony of David Kassekert, *see* ECF No. 39, Plaintiffs' Combined Motion & Memorandum in Support to Exclude References to Comparative Fault on the Part of the Injured Plaintiff & References to Prior Injuries, *see* ECF No. 48, and Defendant's Motion in *Limine* to Preclude Future Medical Damages, *see* ECF No. 46. The Court will set a deadline to refile these motions after the parties share the Supreme Court of Appeals' decision in *Shears*.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 6, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE