IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JASON ADAMS and
DONETTA ADAMS, his wife,

           Plaintiffs,

v.                                    CIVIL ACTION NO. 3:22-0460

LITTLE GIANT LADDER SYSTEMS, LLC,
a Utah Limited Liability Company,

           Defendant.

## MEMORANDUM OPINION & ORDER

Pending are Defendant Little Giant Ladder Systems, LLC's Motion to Exclude the Expert Testimony of David Kassekert, P.E. (Def.'s Mot.), ECF No. 72, and Plaintiffs' Renewed Motion to Exclude the Opinions and Testimony of Dr. Ellen Wright (Pl.'s Mot.), ECF No. 77.[1] For the reasons that follow, the Court **GRANTS** the Defendant's Motion and **DENIES** the Plaintiffs' Motion.

## BACKGROUND

This is a products liability case involving an articulating (i.e., multi-position) ladder

---

[1] The Court heard oral argument on these Motions on October 28, 2024. ECF No. 96. The Court also considered Defendant's Memorandum in Support of Defendant Little Giant Ladder Systems, LLC's Motion to Exclude the Expert Testimony of David Kassekert, P.E. (Def's Mem.), ECF No. 73; Plaintiffs' Memorandum of Law in Support of Plaintiffs' Renewed Motion to Exclude the Opinions and Testimony of Dr. Ellen Wright (Pl.'s Mem.), ECF No. 78; Plaintiffs' Memorandum Response to Defendant's Motion to Exclude the Expert Testimony of David Kassekert, P.E. (Pl.'s Resp.), ECF No. 81; Defendant's Response to Plaintiffs' Renewed Motion to Exclude the Opinions and Testimony of Dr. Ellen Wright (Def.'s Resp.), ECF No. 82; Plaintiffs' Reply to Defendant's Brief in Opposition to Plaintiff's Motion to Exclude the Opinions and Testimony of Dr. Ellen Wright (Pl.'s Reply), ECF No. 84; and Defendant's Reply in Support of its Motion to Exclude the Expert Testimony of David Kassekert, P.E. (Def.'s Reply), ECF No. 86.

manufactured by Little Giant Ladder Systems, LLC. On November 10, 2021, Jason Adams fell from a Little Giant ladder and suffered injuries. *See* Compl. ¶ 4-6. Adams asserts that he was using the ladder in the usual and ordinary manner when the rung on which he stood separated from the rest of the ladder. *See* Pl.'s Mot., Ex. A ("Adams Dep.") at 165-66; Pl.'s Mem. at 2. He testified that he inspects all ladders, he never dropped the subject ladder, and the subject ladder never fell from anything. Adams Dep. at 161-62.

Defendant moved to exclude the testimony of Plaintiffs' expert, David Kassekert, P.E., on the grounds that he is unqualified and his opinions are unreliable. Def.'s Mem. at 1. Kassekert intends to testify that a rung on the Plaintiff's ladder failed when it separated from the side of the ladder because the welded connection did not penetrate the metal of the rung to which it was being welded, which resulted in a fatigue crack in the rung material. Def.'s Mot., Ex. 2 at 5. Because the welding was covered by plastic caps, Kassekert asserts, it was not possible for Adams to inspect the welding and see this crack. *Id.* Kassekert was trained as a mechanical engineer and, beyond a single college class, has little experience with welds or metallurgy. Def.'s Mot., Ex. 1 ("Kassekert Dep.") at 6-14; 39-40; 42-43. He said in his deposition that he has a welder and is "very good at making bad welds." *Id.* at 39. He has not previously testified in any cases involving weld failures. *Id.* at 39. He previously worked on two ladder cases, neither of which involved an articulating ladder. *Id.* at 36-39. In his deposition, Kassekert said that he set the ladder up in his basement, "just spent a lot of time looking at it," took pictures, reviewed other case materials such as Defendant's quality assurance procedures, and "eventually started to develop an idea" that resulted in his report. *Id.* at 56-62.

Plaintiffs moved to exclude the testimony of the Defendant's expert, Dr. Ellen Wright, P.E., because her testimony does not comport with the facts of this case. Pl.'s Mem. at 1. Wright

is a metallurgical engineering expert who specializes in failure analysis and prevention. Def.'s Resp., Ex. 3. Wright examined the subject ladder and performed destructive testing. *See* Def.'s Resp., Ex. 5. Plaintiffs do not contest that she is a qualified expert who used reliable scientific methods. *See* Pl.'s Mem. Instead, they challenge how she applied her analysis to the facts of the case. *Id.* at 3. Wright intends to testify that the failure of the ladder at issue in this case was the result of a high loading event which overstressed the ladder aluminum, resulting in the detachment of the rung from the side of the ladder. Def.'s Resp. at 1; *see also* Def.'s Resp., Ex. 5. In her deposition, she testified that a sudden, excessive load could have occurred if someone fell on or dropped something on the ladder or if the ladder was thrown into something or thrown off a roof. Def.'s Resp., Ex. 6 (Wright Dep.) at 79-80. She does not have an opinion on the particular cause of this excessive load. *Id.* Plaintiffs argue that this theory is "completely speculative" and therefore should be excluded. Pl.'s Mem. at 15. In particular, Plaintiffs argue that there is nothing in Adams' deposition testimony supporting Wright's theory. *Id.* at 14.

**STANDARD**

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. Expert testimony is admissible if the expert is "qualified . . . by knowledge, skill, experience, training, or education," and if his or her testimony is (1) helpful to the trier of fact in understanding the evidence or determining a fact in issue; (2) "based on sufficient facts or data"; and (3) "the product of reliable principles and methods" that (4) have been reliably applied "to the facts of the case." Fed. R. Evid. 702.

A qualified expert must have "sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) (internal quotation marks omitted). A qualified expert's testimony is admissible if it "rests

on a reliable foundation and is relevant[.]" *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The Court's gatekeeping responsibility includes "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-93. In considering reliability, the Court must ensure that the expert opinions are "based on scientific, technical, or other specialized *knowledge* and not on belief or speculation, and inferences must be derived using scientific or other valid methods." *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017) (italics original) (quoting *Oglesby v. Gen. Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999)). The party proffering the expert's opinion has the burden of production on the question of admissibility. *Maryland Cas. Co. v. Therm-O-Disc, Inc.*, 137 F.3d 780, 783 (4th Cir. 1998).

## DISCUSSION

### I. Kassekert

The Court finds that Kassekert is not qualified to offer testimony that the ladder failed due to an insufficient weld because he does not have sufficient specialized knowledge to opine on welds or relevant material failure. Kassekert holds a degree in mechanical engineering and spent much of his career in the automotive industry. Kassekert Dep. at 5-15. He holds a professional engineering license. *Id.* at 6. He has limited experience, education, and training in welding and metallurgical engineering. He took one college class in welding and occasionally looked at welds during one of his positions in the automotive industry. *Id.* at 40-44. He is not certified in welding. *Id.* at 39. During his deposition, he joked that he is "very good at making bad welds." *Id.* As an expert witness, he estimated he has spent about 60 percent of his time working on automotive accident reconstruction cases and 40 percent of his time working on

cases involving mechanical failures. *Id.* at 25-26. None of these cases involved improper welds. *Id.* at 39. He previously worked on two cases involving stepladders, neither of which involved weld failures. *Id.* at 37-39.

Kassekert's opinion in this case is based entirely on "visual examination and photography." *Id.* at 66. Physical testing is not always required. *See Klingenberg v. Vulcan Ladder USA, LLC*, 936 F.3d 824, 829 (8th Cir. 2019) (allowing a qualified expert to testify about a reasonable alternative safer design for a ladder after he compared the ladder to competitors' models but did not conduct physical tests). But Kassekert has not offered any prior experience in comparing welds, failed or not, and much of his experience with welds is in an amateur context. Kassekert Dep. at 40, 56-57 (describing welding work on a replica car at his home). He is not qualified to offer an opinion based on a visual inspection of the ladder.

Kassekert's mechanical engineering education and work experience as a professional engineer do not qualify him to comment on every kind of engineering. In his deposition, Kassekert acknowledged that metallurgical engineering was a distinct discipline from his own. *Id.* at 42-43. Other courts have concluded that education in engineering does not generally qualify any engineer to opine on metallurgical issues. In *Kough v. Wing Enterprises*, a magistrate judge in the Eastern District of Tennessee excluded the testimony of an engineer who offered an opinion on the failure of metal rivets. No. 3:12-CV-250-PLR-HBG, 2015 WL 164609, at *6 (E.D. Tenn. Jan. 8, 2015). The proposed expert held a degree in engineering, with a focus on biomedical engineering, and took one course in metallurgical sciences as an undergraduate. *Id.* at *15. The engineer told the court he had "done a lot of metal examination over the years as part of [his] normal practice in [his] research and in [his] laboratories," including research on motorcycle crashes. *Id.* at *9. The court found that the engineer's education, experience, and

qualifications were insufficient and contrasted his background with other proposed experts in metallurgical sciences, who demonstrated specific expertise in metallurgical science and the use of relevant metals. *Id.* at *17.

The same principles apply here. Although Kassekert has specialized experience in mechanical engineering, particularly in the automotive industry, he does not have experience in metallurgical science sufficient to assist jurors in deciding whether the ladder collapsed due to an insufficient weld. The Court need not reach the reliability of Kassekert's methods because he is not qualified based on knowledge, skill, experience, training, or education. Accordingly, Defendant's motion is **GRANTED**.

## II. Wright

The parties agree that Wright is a qualified expert in the area of metallurgical engineering who used reliable scientific methods. *See* Pl.'s Mem; Def's Resp. Plaintiffs seek to exclude her testimony because her opinion—that there was a sudden high loading event which overstressed the ladder aluminum—is not supported by the factual record. Pl.'s Mem. at 14-15; *see also* Def.'s Resp., Ex. 5. They emphasize that Adams testified he used the ladder in an ordinary manner. Pl.'s Mem. at 14-15; Adams Dep. at 161-62. Plaintiffs focus on the final prong of Rule 702 of the Federal Rules of Evidence: "(d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case."

Plaintiffs point to other courts' descriptions of 702(d) as requiring the opinion "fit" the facts of the case. Pl.'s Reply at 2. Plaintiffs cite to a toxic tort case discussing the question of whether animal studies showing the effects of certain chemicals should be admissible to show that those chemicals have certain effects on humans. *Id.* (citing *In re Paoli R.R. Yard Pcb Litig.*,

35 F.3d 717 (3d Cir. 1994)). In this opinion, the Third Circuit explained: "*Daubert* explains that, ''fit' is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes.' Thus, even if an expert's proposed testimony constitutes scientific knowledge, his or her testimony will be excluded if it is not scientific knowledge for purposes of the case." *In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d at 743 (quoting *Daubert*, 509 U.S. at 591) (citation omitted). Plaintiffs misunderstand this case. The issue of "fit" concerns whether the expert opinion as applied to the facts of the case is scientifically valid. Put differently, Wright's analysis of failure in aluminum material would not fit the facts of this case if the subject ladder was made of plastic. Plaintiffs' 702(d) argument misses the mark.

Plaintiffs also argue that they are not required to exclude alternative causes for the malfunction of the ladder. Pl.'s Reply at 3. Indeed, West Virginia law "does not require a plaintiff, to succeed at the summary judgment stage, to conclusively eliminate all possible contributing causes other than a defect for an accident." *Bennett v. ASCO Servs.*, 621 S.E.2d 710, 717 (W. Va. 2005). This does not mean that the Court must exclude evidence of another possible cause for an accident because it conflicts with Plaintiffs' theory of the case.

Accordingly, Plaintiffs' motion is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   November 13, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE