IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JASON ADAMS and
DONETTA ADAMS, his wife,

           Plaintiffs,

v.                                           CIVIL ACTION NO.   3:22-0460

LITTLE GIANT LADDER SYSTEMS, LLC,
a Utah Limited Liability Company,

           Defendant.

**MEMORANDUM OPINION & ORDER**

Pending are motions for summary judgement by the Defendant (Def.'s Mot.) (ECF No. 74) and the Plaintiffs (Pl.'s Mot.) (ECF No. 77).[1] For the reasons that follow, Plaintiffs' motion is **DENIED** and Defendant's motion is **GRANTED IN PART**, **DENIED IN PART**, and **HELD IN ABEYANCE IN PART**. The Court **DIRECTS** Plaintiffs to file supplemental briefing or notify the Court that Plaintiffs will not pursue the warranty claim by December 20, 2024.

---

[1] The Court heard oral argument on the summary judgment motions on October 28, 2024. ECF No. 96. The Court considered Defendant's Memorandum In Support Of Defendant Little Giant Ladder Systems, LLC's Motion For Summary Judgment (Def.'s Mem.) (ECF No. 75); Plaintiffs' Memorandum Of Law In Support Of Plaintiffs' Renewed Motion To Exclude The Opinions And Testimony Of Dr. Ellen Wright And Motion For Summary Judgment (Pl.'s Mem.) (ECF No. 78); Plaintiffs' Response In Opposition To Defendant Little Giant Ladder Systems, LLC's Motion For Summary Judgment (Pl.'s Resp.) (ECF No. 80); Defendant's Response To Plaintiffs' Renewed Motion To Exclude The Opinions And Testimony Of Dr. Ellen Wright And Motion For Summary Judgment (Def.'s Resp.) (ECF No. 82); Plaintiffs' Reply To Defendant, Little Giant Ladder Systems, LCC's, Brief In Opposition To Plaintiffs' Motion To Exclude The Opinions And Testimony Of Dr. Ellen Wright (Pl.'s Reply) (ECF No. 84); and Defendant Little Giant Ladder Systems, LLC's Reply In Support Of Its Motion To For Summary Judgment (Def.'s Reply) (ECF No. 85).

## BACKGROUND

This is a products liability case involving an articulating (i.e., multi-position) ladder manufactured by Little Giant Ladder Systems, LLC. On November 10, 2021, Jason Adams fell from a Little Giant ladder and suffered injuries. Def.'s Mot., Ex. 2 (Adams Dep.) at 165-66. Adams asserts that he was using the ladder in the usual and ordinary manner when the rung on which he stood separated from the rest of the ladder. *Id.* He testified that he inspects all ladders before use, he never dropped the subject ladder, and the subject ladder never fell from anything. Adams Dep. at 161-62.

Plaintiffs and Defendant each moved to exclude the opposing party's expert and for summary judgment. The Court granted the Defendant's motion to exclude Plaintiffs' expert, David Kassekert, P.E., because he was not qualified to offer an opinion on welds or relevant material failure. The Court denied the Plaintiffs' motion to exclude the defense expert, Dr. Ellen Wright. Mem. Op. & Order (ECF No. 102).

Wright is a metallurgical engineering expert who intends to testify that the ladder failure was the result of a high loading event which overstressed the ladder aluminum, resulting in the detachment of the rung from the side of the ladder. In her deposition, she testified that a sudden, excessive load could have occurred if someone fell on or dropped something on the ladder or if the ladder was thrown into something or thrown off a roof. Def.'s Resp., Ex. 6 (Wright Dep.) at 79-80. She does not have an opinion on the particular cause of this excessive load. *Id.* Plaintiffs argued that, with the exclusion of Dr. Wright, there would be no issue of material fact as to whether there was a high loading event and therefore summary judgment would be warranted on the issue of liability. Pl.'s Mem. at 1. Plaintiffs' argument for summary judgment relies on the exclusion of Dr. Wright's testimony. Accordingly, Plaintiffs' motion for summary judgment is **DENIED**.

Defendant moved for summary judgment on Plaintiffs' counts of (I) Design and Manufacturing Defect based in negligence; (II) Strict Liability; (III) Breach of Warranty; and (IV) Punitive Damages. Def's Mot. at 1. Defendant moved for summary judgment on the basis that there is no competent evidence to support the claims because Kassekert is unqualified to offer his opinion about a defect. *Id.* Plaintiffs do not oppose summary judgment on their failure to warn and punitive damages claims. Pl.'s Resp. at 2-3. Plaintiffs contest summary judgment on their product defect, design defect, and warranty claims. *Id.*

## STANDARD

To obtain summary judgment, the moving party must show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The moving party has the burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmovant is entitled to have his or her version of the facts accepted as true. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979). The Court does not resolve disputed facts, weigh the evidence, or make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). "Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute." *N. Am. Precast, Inc. v. Gen. Cas. Co. of*

*Wis.*, No. CIV.A. 2:04-1306, 2008 WL 906334, at *3 (S.D.W. Va. Mar. 31, 2008) (citing *Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir.1991)).

## DISCUSSION

### I. Product Defect

Plaintiffs argue that, even with the exclusion of Kassekert's testimony, their claims can proceed because West Virginia has adopted a circumstantial evidence rule in products liability cases. Pl.'s Resp. at 16. In *Anderson v. Chrysler Corporation*, the West Virginia Supreme Court of Appeals ruled that a plaintiff can make a prima facie case in a strict liability action with only circumstantial evidence. 403 S.E.2d 189, 194 (W. Va. 1991). That case involved a new car which had repeated electrical problems, despite service at the dealership, until it caught fire and was destroyed. *Id.* at 191. The *Anderson* court held that circumstantial evidence may be sufficient to make a prima facie case "so long as the evidence shows that a malfunction in the product occurred that would not ordinarily happen in the absence of a defect" and there was neither abnormal use of the product nor a reasonable secondary cause for the malfunction. *Id.* at 194.

The Supreme Court of Appeals later clarified a plaintiff's burden under the so-called "malfunction theory." In *Bennett v. Asco Services, Inc.*, the court reversed a grant of summary judgment for defendants in a case where plaintiffs alleged a defect in a Toyota Camry caused a fire in their garage, and that a defect in a Honeywell home fire alarm system permitted the fire to spread and destroy their home. 621 S.E.2d 710, 713-19 (W. Va. 2005). Plaintiffs argued that the fire alarm system malfunctioned because it failed to issue any warning—of a system malfunction or of a fire—on the night of the fire. Plaintiffs offered expert testimony that the alarm system should have issued audible warnings in the case of a malfunction, notifying the owner that the system needed maintenance or repair, and the failure of the system "was caused by a defect in the

system, by an installation or maintenance error by ASCO Services, or both." *Id.* at 717, 719. The lower court found that this circumstantial evidence was insufficient to defeat summary judgment. *Id.* at 715.

The Supreme Court of Appeals explained that a plaintiff is not required to eliminate all other possible causes for a malfunction other than product defect. Rather, a plaintiff's burden is to eliminate those causes which would prevent a jury from finding that it was more probable than not that the product was defective. *Id.* at 719. At the summary judgment stage, a plaintiff need not "conclusively eliminate all possible contributing causes other than a defect for an accident." *Id.* at 717. "Instead, a plaintiff is only required to submit evidence that has the capacity to sway the outcome of the litigation, and from which a jury could fairly conclude that the most likely explanation of the accident involves the causal contribution of a product defect." *Id.* In the case of the Honeywell fire alarm system, it was sufficient for the plaintiffs to offer evidence that a defect in the alarm system was a likely explanation for the destruction of their home; they need not prove that it was the only explanation. *Id.* at 719. As to the car, Plaintiffs "introduced sufficient evidence for jurors to conclude that the Camry was regularly maintained and serviced, was not previously exposed to neglect, abuse or abnormal use, and, most importantly, was not being misused at the time the fire started." *Id.* at 718. They also introduced evidence to exclude other reasonable secondary causes for the fire, such as a malfunction of the home's electrical wiring. *Id.*

The United States Court of Appeals for the Fourth Circuit and West Virginia Supreme Court of Appeals have continued to recognize the malfunction theory. *See Shears v. Ethicon, Inc.*, 109 F.4th 235, 241 (4th Cir. 2024), *Shears v. Ethicon, Inc.*, 902 S.E.2d 775, 779 n.11 (W. Va. 2024), *Goldsborough v. Bucyrus Int'l, Inc.*, No. 13-1323, 2015 WL 3605404, at *9 (W. Va. June 9, 2015). Plaintiffs have provided evidence sufficient to proceed under this theory.

The parties agree that the ladder should not have failed under normal use. The contested issue is whether there was a cause other than product defect for the malfunction. Defendant's expert testified that she ruled out metal fatigue involving repeated or fluctuating stress (i.e., wear and tear) as a cause of the ladder failure. Wright Dep. at 38-39. Defendant offers the explanation that there was abnormal use involving a high load. Jason Adams testified that he used the ladder as the manufacturer intended. Here, the evidence parallels the evidence in *Bennett*. Jason Adams testified that he took care of the ladder, did not expose it to neglect, abuse, or abnormal use, and was not misusing it at the time of the fall. He used a different ladder, instead of the Little Giant ladder, when he had heavier loads such as a full tool belt. Adams Dep. at 108. He inspected the ladder on a regular basis. *Id.* at 161. He testified that the ladder "has never really been dropped or fell from anything." *Id.* at 162. This testimony contradicts Dr. Wright's testimony that there was a sudden, excessive load caused by someone falling on the ladder, dropping something on the ladder, or another incident. There is a dispute over whether a high loading event occurred. At the summary judgment stage, the Court cannot determine that either Jason Adams or Dr. Wright is more credible than the other. Plaintiffs have presented evidence such that a jury could conclude that the most likely explanation of the accident is a product defect.

Defendant cites another case, *Beatty v. Ford Motor Company*, in which the West Virginia Supreme Court of Appeals affirmed a lower court's grant of summary judgment for the defendant in a strict products liability case. 574 S.E.2d 803 (W. Va. 2002). In *Beatty*, the appellant was driving during a rainstorm when he heard a "metal to metal" noise, lost control of the ability to steer the car, and crashed. *Id.* at 805-6. After the crash, he exited the vehicle and discovered that the drag link, a mechanism which controls the steering of the vehicle, was severely damaged. *Id.* at 806. The appellant argued a drag link malfunction caused him to crash. *Id.* The *Beatty* court

concluded that the appellant failed to exclude reasonable secondary causes for the crash, such as the possibility that he lost control due to a rain-soaked roadway and that the drag link was broken during the crash, and failed to demonstrate that the broken drag link would not ordinarily happen in the absence of a defect. *Id.* at 807.

But in *Beatty*, the appellant could not testify that the vehicle had been used properly during its lifetime. *Id.* Therefore, there was no evidence to exclude the possibility that something other than product defect caused the broken drag link. *Id.* Unlike Jason Adams, the appellant in *Beatty* did not own the allegedly defective product. The vehicle was owned by the appellant's employer. *Id.* at 807 n.1. The appellant had only driven the vehicle for several days prior to the accident, but it had been driven more than 110,000 miles during the previous two years. *Id.* Jason Adams bought the Little Giant ladder new in 2017 and used it himself. Adams Dep. at 69. He occasionally let Jeremy Childers use it when the two men worked on jobs together, but he did not loan the ladder to anyone else. Adams Dep. at 114, 118. The evidence in this case is unlike the evidence in *Beatty*.

Plaintiffs oppose summary judgment on their design defect claim. Plaintiffs argue there was a design defect "in the form of a plastic cap that covered the weld and prevented its routine inspection" thereby concealing an improper weld. Pl.'s Resp. at 2, 11-12. Plaintiffs' expert, David Kassekert, observed that the failed rung involved a weld that did not penetrate properly. Pl.'s Resp. at 11-12 (quoting Kassekert Dep. at 84, 115-16, 132). He testified that a plastic cap covered this improper weld and prevented Jason Adams from inspecting it. Kassekert Dep. at 84. Defendant argues that American National Standard Institute Standard A14.2-2007 requires all sharp points and edges be covered to protect the user, and these caps cover the sharp edge of the rung where it connects with the ladder side rail. Def.'s Mem. at 12.

Kassekert's opinion about the improper weld is the basis for his opinion that there was a design defect. The Court previously excluded Kassekert's testimony on the basis that he is not qualified to opine on welds or relevant material failure. Mem. Op. & Order (ECF No. 102). Without Kassekert's testimony, there is no evidence for the claim that there was a design defect involving a plastic cap that covered a weld and prevented the ladder's user from inspecting it. Defendant's Motion is **DENIED** insofar as Plaintiffs may proceed under the malfunction theory of strict products liability.

## II. Warranty

Plaintiffs allege that Defendant expressly warranted that the ladder should not fail under normal use. Plaintiffs argue that Defendant's statement was an affirmation under W. Va. Code § 46-2-313(1). Pl.'s Resp. at 19. Plaintiffs provide the following warranty:

> Little Giant Titan Ladders Limited Lifetime Warranty
>
> We put our products through rigorous tests to ensure that your ladder is built to the highest standards. In the unlikely event that within the warranty period from the date of the original purchase, there is a problem caused by defects in either workmanship or materials, we'll be happy to repair or replace, at our option and without cost to the original purchaser. All we ask is that you return your ladder to our manufacturing facility. If it is determined that the problem is covered by our warranty, we'll take care of the rest. All freight to and from the factory is to be paid by the customer. If a replacement is necessary and your product is no longer available, a comparable product will be substituted.
>
> Little Giant Titan Ladders are tested to withstand normal wear and tear, but are not indestructible and can be damaged by misuse. Our warranty, just like other warranties worldwide, will not cover wear and tear, misuse and/or abusive treatment. But we do ensure a timely resolution at a fair price. Misuse may include, but is not limited to, damage by vehicles, tools, people, animals, falling objects, acts of God, and using Little Giant Titan ladders in any matter contrary to the warning/instruction labels and owner's manual.
>
> This shall be in lieu of any other warranty, expressed or implied, including, but not limited to any implied warranty of merchantability or fitness for a particular purpose. The liability of Little Giant Titan under this warranty shall be limited solely to repair or replacement of the ladder within the warranty period; and Little

> Giant Titan shall not be liable, under any circumstances, for consequential or incidental damages, including but not limited to, personal injury or labor costs. Some states do not permit the exclusion or limitation of incidental or consequential damages, so this exclusion may not apply to you. This warranty gives you specific legal rights and you may have other legal rights, which may vary, from state to state. This warranty is effective as of August 1st, 2013. Manufacturing specifications are subject to change without notice.
>
> The Little Giant accessories have a warranty of one year.

Pl.'s Resp., Ex. C at 4. Defendant argues that, like the product defect claim, this claim must fail because Plaintiffs cannot establish that there was any defect or nonconformity in the ladder. Def.'s Reply at 12. Again, this argument fails because West Virginia law allows a plaintiff to establish a defect by circumstantial evidence. In *Anderson*, the West Virginia Supreme Court of Appeals recognized that a plaintiff may prove breach of warranty by circumstantial evidence and is not required to present direct evidence of defect. 403 S.E.2d at 194.

Defendant argues Plaintiffs' claims and the types of damages sought are specifically excluded by the terms of the express warranty. Defendant argues (1) the warranty "clearly and unambiguously states that it is limited to 'problem[s] caused by defects in either workmanship or materials' for the period of one year from the date of original purchase"; (2) "wear and tear, misuse and/or abusive treatment" are specifically excluded from coverage; (3) damages recoverable under the warranty are limited to repair or replacement of the subject ladder, minus shipping costs, and "[c]onsequential or incidental damages, including but not limited to, personal injury or labor costs" are specifically excluded; and (4) the terms of the warranty required the Plaintiffs to return the ladder to Defendant's manufacturing facility for inspection in order to receive the benefit of the warranty.

Defendant argues that the warranty is limited to the period of one year from the date of original purchase. Several Little Giant warranties are attached to the summary judgment briefing.

*See* Def.'s Reply, Ex. 5 ("American Titan Ladders Limited Warranty" providing a warranty period of 25 years from the date of the original purchase); Pl.'s Resp., Ex. C at 1-2 ("Little Giant Ladders Systems Warranty" accompanied by a table of warranty periods, which lists a lifetime warranty for the American Titan and Titan ladders); Pl.'s Resp., Ex. C at 3-4 (booklet including "Little Giant Titan Ladders Limited Lifetime Warranty," which does not state the length of the warranty period). Defendant's exhibit provides a 25-year warranty period for the ladder and a one-year warranty period for accessories:

> American Titan Ladders Limited Warranty
>
> We put our products through rigorous tests to ensure that your ladder is built to the highest standards. In the unlikely event that **within the warranty period of 25 years** from the date of the original purchase, there is a problem caused by defects in either workmanship or materials, we'll be happy to repair or replace, at our option and without cost to the original purchaser. All we ask is that you return your ladder to our manufacturing facility. If it is determined that the problem is covered by our warranty, we'll take care of the rest. All freight to and from the factory is to be paid by the customer. If a replacement is necessary and your product is no longer available, a comparable product will be substituted.
>
> American Titan Ladders are tested to withstand normal wear and tear, but are not indestructible and can be damaged by misuse. Our warranty, just like other warranties worldwide, will not cover wear and tear, misuse and/or abusive treatment. But we do ensure a timely resolution at a fair price. Misuse may include but is not limited to, damage by vehicles, tools, people, animals, falling objects, acts of God, and using American Titan ladders in any matter contrary to the warning/instruction labels and owner's manual.
>
> This shall be in lieu of any other warranty, expressed or implied, including, but not limited to, any implied warranty of merchantability or fitness for a particular purpose. The liability of American Titan under this warranty shall be limited solely to repair or replacement of the ladder within the warranty period; and American Titan shall not be liable, under any circumstances, for consequential or incidental damages, including but not limited to, personal injury or labor costs. Some states do not permit the exclusion or limitation of incidental or consequential damages, so this exclusion may not apply to you. This warranty gives you specific legal rights and you may have other legal rights, which may vary, from state to state. This warranty is effective as of June 21, 2006. Manufacturing specifications are subject to change without notice.

**The Little Giant accessories have a warranty of one year.**

Def.'s Reply, Ex. 5 (emphasis added). It is obvious that the warranty's one-year limit does not apply to the ladder itself but to any ladder accessories. None of the warranties attached to the summary judgment briefing list a warranty period of one year for the ladder itself. Defendant's first argument fails.

There is a genuine dispute of material fact as to whether there was a problem caused by product defect or by "misuse and/or abusive treatment" resulting in a high loading event. Thus, Defendant's second argument fails.

The limited warranty excludes consequential damages, including personal injury damages, to the extent permissible under state law. *See* Pl.'s Resp., Ex. C at 4; Def.'s Reply, Ex. 5. Additionally, Defendant argues that Plaintiffs' failure to return the ladder to Defendant's manufacturing facility for inspection prevents any warranty-related recovery. Def.'s Reply at 15. Plaintiffs did not brief these issues because they were raised in Defendant's Reply. *Id.* at 12-15. The Court **DIRECTS** Plaintiffs to file supplemental briefing on these issues or notify the Court that Plaintiffs will not pursue the warranty claim by **December 20, 2024**.

## CONCLUSION

Plaintiffs' argument for summary judgement relies on the exclusion of Defendant's expert. Because the Court previously denied Plaintiffs' motion to exclude the defense expert, Plaintiffs' motion for summary judgment is **DENIED**.

Defendant's motion for summary judgement is **GRANTED IN PART** as to the punitive damages and failure to warn claims because Plaintiffs do not oppose summary judgment. Defendant's motion is **GRANTED IN PART** as to the design defect claim because there is no evidence to support this claim after the exclusion of David Kassekert's testimony. Defendant's

motion is **DENIED IN PART** as to the product defect claim insofar as Plaintiffs may proceed under the malfunction theory. The Court **HOLDS IN ABEYANCE** its decision on Defendant's motion for summary judgment as to the warranty claim.

ENTER:     December 6, 2024

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE